**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0747-22

IN THE MATTER OF
R.J.D.[1]

_____

Submitted January 17, 2024 – Decided March 11, 2024

Before Judges Sumners and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. GP-0063-22.

Evan F. Nappen, Attorney At Law, PC, attorneys for respondent (Louis P. Nappen, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Petitioner R.J.D. appeals from an October 4, 2022 Law Division order denying his pro se application for a permit to carry a handgun without a hearing. We reverse and remand.

_____

[1] We use initials in view of petitioner's contention that the conviction at issue was expunged. <u>See</u> <u>R.</u> 1:38-3(c)(7).

We summarize the pertinent facts and procedural history from the limited record provided on appeal. In August 2022, R.J.D. applied for a permit to carry a handgun. In his permit application, R.J.D. answered, "No," to question seventeen: "Have you ever been convicted of a disorderly persons offense[] that has not been expunged or sealed?" According to a July 7, 2022 "New Jersey State Police Fingerprint Identification System Automated Applicant Record," R.J.D. had no prior criminal record. Accordingly, the acting police chief for the Monroe Township Police Department approved R.J.D.'s application.

Thereafter, the court denied R.J.D.'s application. The accompanying order tersely stated the application was denied for "Falsification of Application and Criminal Record," and noted R.J.D. had a disqualifying conviction for contempt of a domestic violence order, N.J.S.A. 2C:25-19(a)(17).[2]

On appeal, R.J.D. raises the following points for our consideration:

POINT 1

THE COURT BELOW ERRED BY DENYING PETITIONER HIS DUE PROCESS RIGHTS OF NOTICE AND OPPORTUNITY TO BE HEARD PER THE NEW JERSEY SUPREME COURT'S DECISION

---

[2] The order also referenced N.J.S.A. 2C:58-3(c)(1), which prohibits a person who has been convicted of certain domestic violence offenses from obtaining "a permit to purchase a handgun or a firearms identification card." See also N.J.S.A. 2C:58-4(c) (incorporating the disqualifying criteria stated in N.J.S.A. 2C:58-3(c)).

A-0747-22

IN [IN RE ]CARLSTROM, 240 N.J. 563 (2020), AND ATTORNEY GENERAL DIRECTIVE #06-19.[3]
([Not raised below.])

## POINT 2

THE COURT BELOW ERRED BECAUSE PETITIONER DID NOT FALSIFY AN APPLICATION FOR "A FIREARMS PURCHASER IDENTIFICATION CARD" OR "HANDGUN PURCHASE PERMIT" AS ELEMENTALLY REQUIRED FOR A FINDING UNDER N.J.S.A. 2C:58-3[(c)](3).

## POINT 3

PER BRUEN,[4] [THE] GOVERNMENT MUST DEMONSTRATE THAT THE REGULATION(S) AT ISSUE DEPRIVING PETITIONER OF HIS SECOND AMENDMENT RIGHTS ARE CONSISTENT WITH THIS NATION'S HISTORICAL TRADITION OF FIREARM REGULATION.
([Not raised below.])

## POINT 4

IT IS RESPECTFULLY REQUESTED THAT ANY OPINION REFERENCE PETITIONER BY HIS INITIALS.
([Not raised below.])

---

[3]   Admin. Off. of the Cts., Administrative Directive #06-19: Criminal - Procedures for Processing Gun Permits (May 20, 2019) (2019 directive).

[4]  New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022).

A-0747-22

More particularly, R.J.D. argues the court violated his right to due process by failing to comply with the 2019 Directive and the Court's decision in Carlstrom. Noting his July 2022 State Police criminal background check disclosed no prior record and he was previously issued a New Jersey firearms purchaser identification card, R.J.D. contends the trial court failed to explain the basis for its determination that he had a disqualifying conviction. Generally referencing "an order of expungement," R.J.D. claims he was not afforded notice or an opportunity to respond to the court's concerns.

The State counters a hearing was unnecessary because R.J.D. was statutorily ineligible for issuance of a carry permit in view of his conviction and falsification of his application. Acknowledging the court cannot rely "entirely upon hearsay evidence," see Weston v. State, 60 N.J. 36, 52 (1972), the State argues the court's decision was based on "official court records," establishing in August 2004, R.J.D. pled guilty to contempt, N.J.S.A. 2C:29-9(b)(2), a disorderly persons offense. To support its argument, the State included in its appellate appendix three screenshots of the "Family Automated Case Tracking System" pertaining to R.J.D.'s guilty plea. In reply, R.J.D. argues "[b]ecause there was no hearing," the screenshots were not presented to the trial court.

A-0747-22

In Carlstrom, our Supreme Court explained the procedural requirements for hearings before the Law Division following the approval of a permit to carry a handgun by the chief of police of a municipality or the superintendent of the New Jersey State Police under N.J.S.A. 2C:58-4(c) and the 2019 Directive. 240 N.J. at 571-72. Pursuant to the 2019 Directive, the trial court was required to hold a hearing if it "ha[d] any questions regarding the applicant or" the pending application. Id. at 565 (quoting the 2019 Directive, at 3). The 2019 Directive mandated a hearing "whenever the court contemplate[d] denying a handgun carry-permit that ha[d] been approved by the police chief or superintendent." Id. at 572. Further, the court was required to "issue a notice scheduling a hearing with an accompanying statement of reasons for its intent to deny the application." Ibid. The applicant therefore was afforded the opportunity to demonstrate that the standard was satisfied and to answer any questions posed by the court. Ibid.

Following the trial court's decision in the present matter, the Legislature amended N.J.S.A. 2C:58-4(d). L. 2022, c. 131, § 3, eff. Dec. 22, 2022. Under the revised statutory scheme, "determinations on applications for permits to carry a handgun" no longer are "made by the court," Admin. Off. of the Cts., Administrative Directive #14-22: Criminal - Gun Permit Procedures (Dec. 22,

5

2022). Instead, the determination is made by a municipality's police chief or the State Police superintendent. N.J.S.A. 2C:58-4(c). The December 22, 2022 amendments also modified the "disqualifying criteria set forth in" N.J.S.A. 2C:58-3(c)(5), which the court considers in determining whether an applicant is entitled to a permit to carry a handgun under N.J.S.A. 2C:58-4(c).[5]

We need not determine whether the court's failure to provide the reasons supporting its intent to deny R.J.D.'s application violated his right to due process. Instead, the court's failure to abide by the notice requirement, as explained in Carlstrom, provides a sufficient basis to vacate the October 4, 2022 order denying R.J.D.'s application and remand the matter for a hearing. On remand, the court shall consider the arguments presented, decide the issues based on the record, and make the requisite findings of fact and conclusions of law supporting its decision. R. 1:7-4. In doing so, the court shall comply with the notice and hearing requirements the Court imposed in Carlstrom. Id. at 572-

---

[5] While the appeal was pending, the State filed a letter pursuant to Rule 2:6-11(d), addressing our recent decision in Matter of M.U.'s Application for a Handgun Purchase Permit, 475 N.J. Super. 148, 194-96 (App. Div. 2023), where we found the December 2022 amendments to N.J.S.A. 2C:58-3 and -3(c) applicable to applications submitted on or after the amendments' effective date. Because R.J.D.'s application pre-dates the amendments' effective date, they do not apply here. See M.U., 475 N.J. Super. at 195; see State v. Wade, 476 N.J. Super. 490, 510 (App. Div. 2023).

73. Nothing in this opinion shall be interpreted as expressing a preferred outcome on any of the issues that may be presented by the parties on remand.

Reversed and remanded for a hearing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0747-22